## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARLOS OJEDA CHAPARRO,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN CUCF et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &<br>ORDER TO AMEND DEFICIENT<br>COMPLAINT**<br><br>Case No. 2:13-CV-185 DB<br><br>District Judge Dee Benson |

Plaintiff, Carlos Ojeda Chaparro, an inmate at Utah State Prison, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2013). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* 1915. Reviewing the complaint under § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a) does not clearly identify each defendant, as John Does must each be individually numbered and described in detail.

(b) possibly inappropriately alleges on a respondeat-superior theory civil-rights violations against the unnamed warden and the director of corrections.

(c) names different defendants in the caption than in the text.

(d) does not allege enough detail about his failure-to-protect claim--e.g., date and specific facts.

(e) has claims appearing to be based on conditions of current confinement; however, the complaint was not submitted through contract attorneys.

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a
complaint is required to contain "(1) a short and plain statement
of the grounds upon which the court's jurisdiction depends, . . .
(2) a short and plain statement of the claim showing that the
pleader is entitled to relief, and (3) a demand for judgment for
the relief the pleader seeks." Fed. R. Civ. P. 8(a). The
requirements of Rule 8(a) are intended to guarantee "that
defendants enjoy fair notice of what the claims against them are
and the grounds upon which they rest." *TV Commc'ns Network, Inc.
v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*,
964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the
minimal pleading requirements of Rule 8. "This is so because a
pro se plaintiff requires no special legal training to recount
the facts surrounding his alleged injury, and he must provide
such facts if the court is to determine whether he makes out a
claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d
1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper
function of the Court to assume the role of advocate for a pro se
litigant." *Id.* at 1110. Thus, the Court cannot "supply
additional facts, [or] construct a legal theory for plaintiff

that assumes facts that have not been pleaded." *Dunn v. White*,
880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before
refiling his complaint.  First, the revised complaint must stand
entirely on its own and shall not refer to, or incorporate by
reference, any portion of the original complaint.  *See Murray v.
Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended
complaint supercedes original).  Second, the complaint must
clearly state what each individual defendant did to violate
Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260,
1262-63 (10th Cir. 1976) (stating personal participation of each
named defendant is essential allegation in civil rights action).
Third, Plaintiff cannot name an individual as a defendant based
solely on his or her supervisory position.  *See Mitchell v.
Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating
supervisory status alone is insufficient to support liability
under § 1983).  Fourth, if Plaintiff's claims relate to the
conditions of Plaintiff's current confinement, Plaintiff should
seek help from the prison contract attorneys in preparing initial
pleadings.  And, finally, Plaintiff is warned that litigants who
have had three *in forma pauperis* cases dismissed as frivolous or
meritless will be restricted from filing future lawsuits without
prepaying fees.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide;

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 30th day of August, 2013.

BY THE COURT:

_____
DEE BENSON
United States District Judge